# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOHN A. SNELLINGS, <br>       **Plaintiff,** <br> v. <br> STEPHEN SMITH and SABRINA SMITH, <br>       **Defendants.** | 1:17-cv-00785-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final Report and Recommendation ("R&R") [2], which recommends remanding this dispossessory action to the Magistrate Court of Gwinnett County, Georgia.

## I. BACKGROUND

On February 16, 2017, Plaintiff John Snellings ("Plaintiff") initiated a dispossessory proceeding against his tenants, Stephen Smith and Sabrina Smith ("Defendants"), in the Magistrate Court of Gwinnett County, Georgia.[1] The Complaint seeks possession of the premises currently occupied by Defendants and seeks past due rent, fees and costs.

---

[1] No. 17M05423.

On March 3, 2017, Defendants removed the Gwinnett County Action to this Court by filing their Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1]. Defendants appear to assert that there is federal subject matter jurisdiction because there is a question of federal law in this action. In their Notice of Removal, Defendants claim that Plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Fair Housing Act, 42 U.S.C. § 3631 et seq., and Rule 60 of the Federal Rules of Civil Procedure. Defendants claim further that the Court "[has] the legal duty to abort eviction pursuant to O.C.G.A. [§] 51-1-6 and 15 U.S.C. [§] 1692." (Notice of Removal [1.1] at 1).

On March 8, 2017, Magistrate Judge Fuller granted Defendants' application to proceed IFP. The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction. The Court found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of Gwinnett County. The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege federal law claims. Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter. The Magistrate Judge

2

did not consider whether subject-matter jurisdiction could be based on diversity of citizenship because Defendants, in their Notice of Removal, appeared to base subject-matter jurisdiction only on federal question.

On March 17, 2017, Defendants filed their "Response to Report and Recommendation," which the Court construes as their Objections [5] to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Defendants' Objections are conclusory and do not address the Magistrate Judge's reasons for recommending remand.[2] See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."); see also Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report."). These are not valid objections, and the Court will not consider them. The Court reviews the R&R for plain error.

B. Analysis

Defendants do not object to the R&R's finding that Plaintiff's Complaint does not present a federal question. The Court does not find any plain error in this conclusion. It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action. See Beneficial Nat'l Bank

---

[2] For example, Defendants assert that they "have a clear and enforceable Lease-Purchase Agreement that [P]laintiff has chosen to renege on thus violating defendants [sic] access to fair and equal housing" which Defendants claim "occurred after thousands of dollars of repairs spent to bring the house up to code." (Obj. at 1).

v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).[3]

Although not alleged in their Notice of Removal, the Court also concludes that diversity jurisdiction is not present in this action because Defendants fail to allege any facts to show that the parties' citizenship is completely diverse, or that

---

[3] The Court notes that, to the extent Defendants claim in their Objections that Plaintiff's Complaint violates their "civil rights and [their] access to fair and equal housing," and appear to assert in their Notice of Removal that the Court has subject matter jurisdiction based on 28 U.S.C. § 1443 and violation of the Fair Housing Act, 42 U.S.C. § 3631 et seq., Defendants fail to allege any facts to support that they have been denied by, or cannot enforce in, the state court their rights under the Fair Housing Act. See, e.g., 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule for removal of an action that is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States"); Shah v. Borden, No. 1:15-cv-1658-TWT, 2015 WL 4159948, at *2 (N.D. Ga. July 8, 2015) ("Because Defendant has attempted to bring counterclaims pursuant to the Fair Housing Act, 28 U.S.C. § 1334, [and] the Bill of Rights . . . Defendant may be attempting to invoke jurisdiction pursuant to 28 U.S.C. § 1443 . . . [which] does not provide Defendant with a valid basis for removal jurisdiction."); Georgia v. Rachel, 384 U.S. 780, 788 (1966) (Section 1443 requires defendant to show "both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia."); Rogers v. Rucker, 835 F. Supp. 1410 (N.D. Ga. 1993) (remanding dispossessory action where tenant asserted counterclaim for violation of Fair Housing Act, but failed to allege facts to support that landlord's motive in bringing action was to deter tenant from engaging in protected activity or that Georgia law denies tenant ability to enforce her rights under the Fair Housing Act; tenant asserted only discriminatory treatment in service and maintenance of her apartment). Removal is not proper based on 28 U.S.C. § 1443 and this action is required to be remanded for this additional reason.

the amount in controversy exceeds the statutory threshold of $75,000. See 28 U.S.C. § 1332(a). Even if there is complete diversity between the parties, the amount-in-controversy requirement cannot be satisfied because this is a dispossessory action. The Court must look only to Plaintiff's claim to determine if the amount-in-controversy requirement is satisfied. See, e.g., Novastar Mortg. Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002). The Complaint here seeks possession of property Defendants currently possess. The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship. See Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Objections [5] are **OVERRULED**.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the Magistrate Court of Gwinnett County, Georgia.


**SO ORDERED** this 19th day of April, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE